UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LOUIS JACKSON,                                             **REPORT AND**
                                                           **RECOMMENDATION**
                    Petitioner,                            07-CV-1146

          V.                                                     (DNH/VEB)

DEBORAH SCHULT,

                    Respondent

_____

## I. INTRODUCTION

On October 29, 2007, Louis Jackson, filed this petition *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner challenges the Bureau of Prison's (BOP) calculation of his release date.[1]   (Docket No. 1).  The relief sought in the Petition is a recalculation of Petitioner's release date from prison.  (Docket No. 1).

This matter was referred to the undersigned by the Honorable Norman A. Mordue, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), for a report and recommendation. (Docket No. 9).

## II.  REPORT AND RECOMMENDATION

According to the Federal Bureau of Prisons' website,[2] Petitioner was released from custody on October 22, 2008. Petitioner's release raises the question of whether this

_____

[1]Petitioner does not contest the lawfulness of his conviction or sentence.

[2]www.bop.gov  (Inmate Register Number 11067-007)

petition is moot because it no longer satisfies the case or controversy requirement of Article III, § 2 of the U.S. Constitution.[3]

As with all litigants in federal court, Petitioner must satisfy the case or controversy requirement of Article III, § 2, of the Constitution in order to be eligible for relief.   A case becomes moot if, *at any stage* of the proceedings, it fails to satisfy the case-or-controversy requirement.  Kamagate v. Ashcroft, 385 F.3d 144, 150 (2d Cir. 2004) (emphasis added), citing Spencer v. Kemna, 523 U.S. 1, 7 (1998); accord Marrero Pichardo v. Ashcroft, 374 F.3d 46, 51 (2d Cir. 2004) and Swaby v. Ashcroft, 357 F.3d 156, 159-60 (2d Cir. 2004).

In order for a habeas petitioner who is no longer in custody to demonstrate a case or controversy, a concrete and continuing injury that is a collateral consequence of the detention and can be remedied by granting the writ, must exist.  So v. Reno, 251 F.Supp.2d 1112, 1120 (E.D.N.Y. 2003) (internal quotation marks omitted) (citing, Spencer, 523 U.S. at 7 and Gonzalez v. INS, 2002 WL 31444952, at *3 (S.D.N.Y. 2002)); see also, Perez v. Greiner, 296 F.3d 123, 125 (2d Cir. 2002).

The Supreme Court has stated that a challenge to the conviction itself carries the presumption that a collateral consequence exists.  Spencer v. Kemna, 523 U.S. 1, 8 (1998). In this case, Petitioner challenges the calculation by the BOP of his release date, but does not assert any claim with respect to the constitutionality of his underlying conviction. (Docket No.1).   Accordingly, because no presumption of collateral consequences applies, Petitioner must prove the existence of a concrete and *continuing* injury as a consequence of the alleged miscalculation, now that he has been released.

---

[3]A summary of the facts and background of the criminal case and the filing of the petition is unnecessary because Petitioner does not challenge his underlying conviction or sentence.

Spencer, at 7.  However, because Petitioner has been released from custody, he cannot establish any continuing injury arising from the alleged miscalculation of his sentence by the BOP.

Federal courts have dismissed habeas petitions on mootness grounds in similar circumstances, where the petitioner had challenged only his or her continued imprisonment, but not the underlying conviction or sentence, and was released during the pendency of the petition. See, e.g., Vandenberg v. Rodgers, 801 F.2d 377, 378 (10th Cir.1986) ("We hold that [petitioner']s appeal is moot. His petition for habeas corpus merely challenges determinations that delayed his parole date; and because he is already released from custody on parole, we find no purpose in reaching the merits of his arguments."); Brady v. United States Parole Comm'n, 600 F.2d 234, 236 (9th Cir.1979) ("Appellant's § 2241 habeas corpus petition attacks the Parole Commission's decision to keep him in custody. He is now on parole and does not challenge the validity of his original conviction. On this record the case is moot."); Burnett v. Lampert, 432 F.3d at 1001 (holding that habeas petition challenging the state board's decision to defer his scheduled parole release date was rendered moot by prisoner's release from custody on parole and subsequent incarceration for violating his parole); Granville v. United States, 613 F.2d 125, 126 (5th Cir.1980) (finding that prisoner's release on parole during pendency of his § 2255 habeas petition mooted contentions relating to failure of the parole commission to grant him parole).

Thus, as a result of Petitioner's release from custody, the Court finds that the Petition is moot because it no longer satisfies the case or controversy requirement of Article III, § 2 of the U.S. Constitution.  Accordingly, this Court recommends that Petitioner's claim

3

for habeas relief based upon the BOP's alleged miscalculation of his release date be DISMISSED as moot.

## IV. CONCLUSION

For the reasons stated above, the Court recommends Louis Jackson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be denied and that the Petition be dismissed.  Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, I recommend that a certificate of appealability not issue. See 28 U.S.C. § 2253(c)(2) (1996).

Respectfully submitted,

Victor E. Bianchini
United States Magistrate Judge

DATED:        October 27, 2008

Syracuse, New York

4

# V. ORDERS

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS** to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN**. Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on de novo review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

SO ORDERED.

October 27, 2008

_____

Victor E. Bianchini
United States Magistrate Judge